JAMES L. KARNS, Administrator, Division of Motor Vehicles
In Bell v. Burson, decided May 24, 1971, the United States Supreme Court held the Georgia Safety Responsibility Law unconstitutional. The court ruled that before a state may suspend a driver's license and registration, it must provide a hearing procedure for determining the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident. Since Wisconsin law is similar to the Georgia law, you are preparing to seek new legislation to provide the procedure necessary to comply with this decision. However, this may take some time and your problem is what to do in the meantime. Your basic question is whether you may immediately proceed to comply with the requirements laid down by the United States Supreme Court prior to the time the necessary statutory amendments are obtained.
It is my opinion that you can and should proceed immediately to implement the constitutional requirements laid down *Page 234 
by the court. We have faced a similar problem recently in relation to revocation of probation and parole. In Hahn v. Burke (1970), 430 F.2d 100, the court held that due process requires a hearing before probation can be revoked. In State ex rel. Johnson v. Cady (1971), 50 Wis.2d 540, the court held that even though the statutes do not provide for a hearing, due process requires that the Department of Health and Social Services provide a hearing before probation or parole can be revoked. We have advised this agency to proceed to hold the necessary hearings, as required by these court decisions, even though there is no statutory provision therefor. You should, of course, proceed to obtain the necessary statutory amendments, but in the meantime, you may proceed to hold the hearings in order to comply with the decision of the United States Supreme Court.
The Georgia Safety Responsibility Law provided for a suspension of the driver's license and motor vehicle registration of an uninsured motorist involved in an accident unless he posted security to cover the damages claimed by other parties to the accident. Such suspension was required to be made without a hearing on the question of fault. In Bell v. Burson,
the court held that this violates the constitutional guarantee of due process. The court noted that, while the Georgia law provided for the suspension of an uninsured motorist's driver's license and vehicle registration without regard to fault, it nevertheless was fault-oriented and made "liability an important factor" in the determination to suspend the driver's license or vehicle registration. This being so, the court held that Georgia must afford a reasonable opportunity to the licensee for a hearing prior to the suspension, and that the test must be whether there is a reasonable possibility of judgment being rendered against the licensee.
Section 344.13 (1), Stats., provides, in part:
"The administrator after receipt of a report of an accident . . . shall determine, with respect to such accident, the amount of security which is sufficient in his judgment to satisfy any judgment for damages resulting from such accident which may be recovered against either operator or *Page 235 
owner of the vehicles involved in such accident. . . . The determination as to the amount of security required shall be made without regard to the fault of the persons involved . . ."
Since, like the Georgia law, the Wisconsin's Safety Responsibility Law is "fault-oriented," and "makes liability an important factor' in suspension or continued suspension (see sec. 344.14, Stats.), the last phrase in the above-quoted portion of sec. 344.13 (1), Stats., specifying that the determination is to be made without regard to fault, makes Wisconsin's law unconstitutional.
Section 990.001 (11), Stats., provides as follows:
"(11) SEVERABILITY. The provisions of the statutes are severable. The provisions of any session law are severable. If any provision of the statutes or of a session law is invalid, or if the application of either to any person or circumstances is invalid, such invalidity shall not affect other provisions or applications which can be given effect without the invalid provision or application."
Under this statute, we may consider the no fault phrase is no longer applicable.
Now that we have a workable statute without the no fault phrase, we must return to the beginning portion of sec. 344.13 (1), Stats., and consider the requirement that the "administrator . . . shall determine . . . the amount of security which is sufficient in his judgment to satisfy any judgment . . ." The matter now becomes one of administrative decision. If the administrator determines that there is no reasonable possibility of a judgment, he need not require any security. Since such a determination would not operate to deprive any licensee of his entitlement, no further action or hearing is necessary. However, if the administrator makes a determination that security is required under ch. 344, he must give an opportunity to the licensee to be heard on the question of a reasonable possibility of a judgment being rendered against him as a result of the accident.
You propose to proceed as follows: *Page 236 
"1. Each accident case will be reviewed for reasonable possibility of a judgment being rendered. If we find that there is no reasonable possibility of judgment, no further action will be taken against the uninsured.
"2. We will change the Notice of Suspension to a `Hearing Request Procedure and Notice of Suspension — — -'
"We will include in that notice the following paragraph:
`If you question the reasonable possibility that a judgment may be rendered against you as a result of this accident . . . you may request a hearing thereon. Such hearing request must be made in writing and be received by the Division during the Notice Period.'
"3. Of those that request a hearing, we will again review those cases and if new information indicates that there is no reasonable possibility of a judgment being rendered, we will close the case.
"We will schedule for hearing, those that show otherwise, giving highest priority to those which show liability on the Face of the report.
"4. The order of suspension will be altered from its present form to include the following paragraph:
`You have failed to comply with the "Safety Responsibility Act" (Chapter 344, Wis. Stats.) in accordance with notice given you, and have not requested a hearing on the question of the reasonable possibility of a judgment being rendered against you.'"
In my opinion, the procedure you propose is proper and legal.
Your specific questions will be treated seriatim.
Your first question is:
"Do we have the authority to close cases where there is no reasonable possibility of a judgment being rendered against the uninsured?"
The answer is yes. With the "no fault" language severed from sec. 344.13, Stats., Wisconsin's statute is very similar *Page 237 
to the California statute. In Orr v. Superior Court of City County ofSan Francisco (1969), 77 Cal. Rpts. 816, 454 P.2d 712, 716, 717, the California Supreme Court held that the department must determine whether there is a reasonable possibility that a judgment may be recovered and so must, to this extent, consider culpability. The court said:
"It is a matter of common knowledge that the accounts given by witnesses and by those involved in an accident will vary widely as to how it occurred, what caused it, and other surrounding circumstances. The question of blame or fault is commonly in dispute, and is of course one of the primary issues upon which the recovery of a judgment for damages will turn. The department, which is charged with the task of examining applicants for drivers licenses, and of issuing, refusing, suspending or revoking such licenses, should find no particular difficulties in determining from the accident reports which involved drivers are obligated to make (§ 16000, former § 419) and from other evidence submitted to it whether there is a reasonable possibility that a judgment may be recovered against the involved driver, based on his possible culpability."
In California, the Department of Motor Vehicles has found that they are able to process a large number of their cases on this basis and close their files without proceeding to a suspension order. It is my opinion that you are authorized to follow this same procedure.
Your second question reads:
"May we, by notice, offer to hold hearings, and hold hearings under chapter 344 to determine the reasonable possibility that a judgment may be rendered against the uninsured, without such specific authority in that chapter?"
The answer is yes. In so doing, you will be complying with the mandate of the United States Supreme Court in Bell v. Burson.
It is my recommendation that you follow the procedures and substantive guidelines contained in ch. 227, Stats., especially secs. 227.07 through227.14, Stats. Any question you *Page 238 
may have concerning the hearing or procedures, may be the subject of further discussion and advice.
Your third question is:
"When the operator and owner of an uninsured vehicle are two different persons, is it permissible or possibly mandatory, that we may find there is a reasonable possibility of a judgment being rendered against one but not the other, and therefore we subsequently suspend only the one?"
The United States Supreme Court, discussing Georgia's statute, stated:
". . . Since the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing."
Although this statement was made in a case involving a driver-owner, there is little reason to believe the court would not apply this same reasoning to an owner who is not the driver.
RWW:AOH